UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS,

          Plaintiff,

  v.

ROBERT JACKSON, et al.,

          Defendants.

CASE NO. C25-6065 BHS

ORDER

THIS MATTER is before the Court on Magistrate Judge David W. Christel's Report and Recommendation (R&R), Dkt. 3, recommending the Court deny pro se plaintiff John Demos's application to proceed *in forma pauperis*, Dkt. 1, and dismiss the case without prejudice and without leave to amend. Demos is a serial, vexatious litigant, subject to a Bar Order in this District since 1992. Demos's most recent complaint contends that the state prison system is "guilty of tyranny." Dkt. 1-1 at 4.

The R&R concludes that Demos has already filed three proposed complaints this year, and has failed to plausibly allege that he is imminent danger or to otherwise state a claim upon which relief can be granted. Dkt. 3.

ORDER - 1

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

"[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[s] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v.*

*Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Demos has not filed a document titled "objections," but he did file a 35-page "motion for emergency review." Dkt. 5. It is largely indecipherable. It states as its grounds that "extraordinary, profound, vexatious, constitutional, special, novel, recurring mandatory, jurisdictional, gatekeeping, stopgap, and outstanding issues are before the Court." *Id.* at 1.

Demos has not stated a plausible claim and he is barred from litigating these sorts of facially-without-merit claims in this District. The R&R is **ADOPTED**. Demos's application to proceed *in forma pauperis* is **DENIED**, and this case is **DISMISSED** without prejudice and without leave to amend.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 16th day of December, 2025.

BENJAMIN H. SETTLE
United States District Judge